Michael G. Freedman (State Bar No. 281279)
THE FREEDMAN FIRM PC
10100 Santa Monica Blvd., Suite 300
Los Angeles, California 90067
Telephone: (310) 285-2210
Facsimile: (310) 425-8845
Email: Michael@thefreedmanfirm.com

Attorney for Respondent Delon Cheng

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Motion to Compel Compliance With Subpoena Directed to Nonparty Delon Cheng<br><br>_____<br><br>Underlying Matter<br>BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC,<br><br>Defendants. | **Case No.: 22-mc-0079-AB-AS**<br><br>[DISCOVERY MATTER]<br><br>**SUPPLEMENTAL DECLARATION OF DELON CHENG** |

SUPPLEMENTAL DECLARATION OF DELON CHENG

**SUPPLEMENTAL DECLARATION OF DELON CHENG**

I, Delon Cheng, declare and state as follows:

1. I make this declaration to supplement my May 6, 2022 declaration, which described my search for documents responsive to the subpoena issued to me by Movants Nicolas D. Muzin and Stonington Strategies LLC, as ordered by the Court on May 2, 2022 following the hearing on Movants' Motion to Compel Subpoena Responses. This supplemental declaration describes the efforts I have undertaken to supplement my production of documents in connection with meeting and conferring with counsel for Movants. Accordingly, this declaration does not purport to set forth all of my knowledge or information regarding the facts of this matter. I have personal knowledge of the facts set forth herein, which are known to me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2. In response to Movants' request, I supplemented my search and production for communications with Plaintiff Elliott Broidy, his wife Robin Rosenzweig, and other Broidy-affiliates regarding minor computer issues, such as my work helping them troubleshoot basic computer and network issues. To do so, I searched my text messages, my Signal messages, and my emails for communications with Mr. Broidy and Ms. Rosenzweig, as well as with Andy Kang, Erica Hilliard, and Irene Nakahira, who were the other Broidy-affiliates I dealt with on computer support issues. I collected, and my counsel produced, all responsive, non-privileged communications (messages and emails) within my custody and control. I attest I am not aware of any additional responsive communications regarding minor computer issues in my possession.

3. In response to Movants' request, I supplemented my search of Argyle email accounts, my text messages, my Signal messages, and other written communications. To do so, I searched my own accounts again for the following keywords related to this case: Broidy, Adlumin, Tenery, Hartvigsen, Harvey, Nader, Rosenzweig, Mowbray, and Ankura. I also expanded my search beyond my own accounts at Argyle. To do this, I

-1-
SUPPLMENTAL DECLARATION OF DELON CHENG

searched for the above-mentioned terms in the IT Support email account. This is an email account used by other personnel at Argyle, and it is the only other email address besides my own that is used to communicate with clients. Specifically, it was the only other account—email or otherwise—used to communicate regarding our work for Broidy and the issues in this case. I attest that I have produced all responsive, non-privileged information relating to Broidy or the issues in this case contained in the accounts belonging to other Argyle employees, agents, representatives, attorneys, or other individuals operating on my behalf who worked on matters relating to Broidy or the issues in this case.

4. I attest that no accounts belonging to other Argyle employees, agents, representatives, attorneys, or other individuals operating on my behalf who worked on matters relating to Broidy or the issues in this case contain responsive information. I collected, and my counsel produced, all responsive, non-privileged communications (messages and emails) that I found.

5. In response to Movants' request, I have produced all versions I have been able to locate of every document produced. For emails, my production includes original messages, in addition to forwarded versions and replies to email messages, to the best of my technical abilities. In response to Movants' request, I conducted the entire search described above anew in order to find any duplicates of messages that may already have been produced as part of an email chain but not also as an original email. In conducting that search, I have located some of these duplicates and will be producing them. Beyond this, I am not aware of any other email messages, including forwarded versions and email replies, that have not been produced. For text messages, my production includes screenshots of any responsive portions of text threads.

6. In response to Movants' request, I have confirmed that I have not had a written agreement with Mr. Broidy or Broidy Capital Management, LLC. The agreement governing the work I performed directly for Mr. Broidy or Broidy Capital Management,

SUPPLEMENTAL DECLARATION OF DELON CHENG

LLC has been strictly oral.

7. In response to Movants' request, I confirm that I do not have any images, logs, or reports of the accounts Mr. Broidy alleges were hacked.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed March 22, 2023 at Walnut, California.

_____
Delon Cheng

-3-
SUPPLEMENTAL DECLARATION OF DELON CHENG